**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

| | |
|---|---|
| JENN RIVERA,    ) | |
| ) | |
| Plaintiff    ) | |
| ) | |
| v.    ) | **Case No.:** |
| ) | |
| ALLIED INTERSTATE, INC.,    ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant    ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JENN RIVERA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, INC., ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant is located in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

PLAINTIFF'S COMPLAINT

**PARTIES**

5.      Plaintiff is a natural person residing in Paxton, Massachusetts at the time of the alleged harassment.

6.      Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.      At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.      The alleged debt at issue, a National Grid utility bill, arose out of transactions, which were primarily for personal, family, or household purposes, as it involves a debt arising from a utility bill.

12.      Beginning on or about February 1, 2012, and continuing until February 29, 2012, Defendant, by and though its collectors, repeatedly and continuously contacted Plaintiff on her cellular telephone in an attempt to collect on a debt.

13.      Plaintiff regularly received collection calls from the following telephone number: (516) 813-9100, which the undersigned has confirmed is a telephone number belonging to Defendant.

14.      During this period, Defendant contacted Plaintiff, on average, two (2) times a day.

PLAINTIFF'S COMPLAINT

15.     It was inconvenient for Plaintiff to receive collection calls to her cellular telephone during the day, as she is the primary caretaker of her two young children.

16.     Given the time of day when calls were received, it was nearly impossible for Plaintiff to have a conversation with anyone and so, Plaintiff answered the call and hung up. Each time she did this, Defendant immediately called back.

17.     Additionally, Defendant contacted Plaintiff at other times when it was inconvenient for her to receive calls on her cellular telephone, specifically calling her before 8:00 a.m. and after 9:00 p.m.

18.     Plaintiff received telephone calls from Defendant as early as 6:30 a.m. and as late as 9:30 p.m.

19.     After it became clear Defendant would not stop calling, on February 1, 2012, Plaintiff spoke with Defendant's collector, explaining that she disputed the amount of the debt, was financially unable to pay the alleged debt at that time and most importantly, demanded that Defendant stop calling her.

20.     Defendant ignored Plaintiff's demand to stop calling and was relentless in its telephone collection efforts.

21.     Defendant informed Plaintiff that the amount of the alleged debt totaled $2,100.00, which Defendant knew to be wrong and/or knew included charges and fees not properly recoverable under the contract with National Grid.

22.     Most recently, on February 29, 2012, at 9:30 a.m., Plaintiff was contacted by Defendant's collector, who identified himself as "Victor," demanding payment of the alleged debt.

PLAINTIFF'S COMPLAINT

23.     "Victor" claimed to Plaintiff that she could not dispute the debt and that she had to pay him right away.

24.     Then, "Victor" sought to change the focus of the conversation by asking Plaintiff her income and whether she was working or receiving unemployment compensation.

25.     Victor's questions were asked in a tone that Plaintiff cannot accurately portray in writing, however it is averred that his speech and conduct were chosen with the intent of embarrassing and intimidating Plaintiff to believe there was no choice but to pay the disputed debt immediately.

26.     Finally, within five (5) days of Defendant's first communication with Plaintiff in February 2012, Defendant failed to send written notification of Plaintiff's rights to dispute the debt and/or to request verification of her debt. Defendant also failed to provide information about the name of the creditor and the amount of the alleged debt.

27.     Defendant's failure to send written notification, and its collector's statement that Plaintiff cannot dispute the debt, constitute unlawful, deceptive and misleading conduct in violation of the FDCPA.

28.     Defendant's actions in attempting to collect this debt were harassing and abusive to Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

## COUNT I

a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a
   consumer in connection with the collection of any debt at any unusual time or

- 4 -

place or a time or place known or which should be known to be inconvenient to the consumer.  In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 a.m. and after 9:00 p.m., calling her as early as 6:30 a.m. and as late as 9:00 p.m.

## COUNT II

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §1692d and 1692d(5) by calling Plaintiff, on average, two (2) times a day, and at times when she was the primary caretaker of two small children, with the intent to harass, annoy and abuse her.

d. Further, Defendant §1692d and 1692d(5) by immediately calling Plaintiff back after she had answered Defendant's collection call and hung up the phone and continuing to call Plaintiff after she had instructed them to stop calling.

## COUNT III

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or

- 5 -

misleading representations or means in connection with the collection of any debt.

b. Here, Defendant violated §1692e of the FDCPA by telling Plaintiff that she could not dispute the debt, when Plaintiff had the option of disputing the debt and Defendant was made aware that Plaintiff had disputed the debt with National Grid.

### COUNT IV

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including collecting an amount that Plaintiff had disputed owing, claiming to Plaintiff that her only options were to pay the alleged debt, and asking personal questions to Plaintiff about her economic situation.

### COUNT V

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment

PLAINTIFF'S COMPLAINT

will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENN RIVERA, respectfully prays for a judgment as follows:

a. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JENN RIVERA, demands a jury trial in this case.

- 7 -

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: 05/02/2012                    KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
    CRAIG THOR KIMMEL
    BBO# 662924
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT